OPINION
On November 20, 1996, appellant, Corey Boykin, was charged with one count of aggravated trespass in violation of R.C.2911.211 and one count of assault in violation of R.C. 2903.13. Said charges arose from an incident on September 28, 1996 involving one Kathleen Pinder.
A jury trial commenced on February 27, 1997. At the conclusion of the state's case-in-chief, appellant moved for acquittal pursuant to Crim.R. 29. Said motion was denied. The jury found appellant guilty as charged. By judgment entries filed February 27, 1997, the trial court sentenced appellant to a total of one hundred twenty days in jail.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE COURT'S ADMISSION OF HEARSAY OVER COUNSEL'S OBJECTION WAS ERROR AND DEPRIVED THE APPELLANT OF HIS RIGHT TO CONFRONTATION GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
II
 THE JURY'S FINDINGS OF GUILT ON ONE COUNT OF ASSAULT AND ONE COUNT OF AGGRAVATED TRESPASS WERE AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.
III
 THE COURT ERRED IN NOT GRANTING THE APPELLANT'S CRIM. RULE 29 MOTION.
 I
Appellant claims the trial court erred in permitting Detective George Blake to testify about Ms. Pinder's identification of appellant from a photo array. Appellant claims this testimony violated the hearsay rule (Evid.R. 802). We agree.
Evid.R. 801 (C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The complained of testimony is as follows:
 A. Following construction of the photo lineup, it was shown to the victim, Kathleen Pinder, it was asked of her if she could select the person who had assaulted her. It was given to her. She held it and she pointed to photograph #4.
 MRS. GUILEY: For the record, Your Honor, I would object.
THE COURT: Objection noted. Overruled.
 Q. Detective Blake, are you familiar with the identity of the person in picture #4?
A. I know who Corey Boykin is.
Q. Is that Mr. Corey Boykin?
A. It is.
T. at 169.
This type of testimony generally is not subject to intense scrutiny however, in the case sub judice, the victim did not testify. The state made no claim of Ms. Pinder's unavailability pursuant to Evid.R. 804.
Up until this testimony, the only testimony concerning appellant involved an excited utterance by Ms. Pinder to Officer William Morris, the initial officer on the scene:
 Q. Thank you. When you initially came to the door, what was the first thing that was said to you by Miss Kathleen Pinder?
 A. `Who is it'. I identified myself, uh, she opened the door slightly, uh, could see who it was, uh, and she said, `Are they still out there'. Uh, I said, `Who'. She said, `Corey Boykin'.[1]
T. at 112.
Our inquiry centers on the state's motive in offering Detective Blake's identification testimony. Was the photo array testimony offered to prove appellant was the perpetrator or was it offered to prove appellant's identification? If the testimony was offered to prove appellant was the perpetrator, the testimony would constitute inadmissible hearsay.
In the transcript at 163, the trial court found the testimony was not offered as hearsay after conducting a hearing outside the presence of the jury:
 THE COURT: Okay, one more time. I'm going to let Officer Blake testify that #4 was identified by Miss Pinder after reference and that the identification or the lineup was compiled pursuant to his review of the report.
The admission or exclusion of evidence rests with the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Upon review, we find the only reason for Detective Blake's testimony on the photo array identification was to prove Ms. Pinder's identification of the perpetrator of the offense. There was no need to prove appellant's identification because Officer Morris had already done so. T. at 112-113. The trial court erred in permitting Detective Blake's identification testimony. Given the absence of Ms. Pinder's testimony, we find said error was not harmless pursuant to Crim.R. 52 (A), "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." The inclusion of Detective Blake's testimony substantially prejudiced appellant as to deny him a fair trial.
Assignment of Error I is granted.
 II, III
Based upon our opinion in Assignment of Error I, these assignments of error are moot.
The judgment of the Alliance Municipal Court of Stark County, Ohio is hereby reversed and remanded.
Farmer, P.J., Gwin, J. and Hoffman, J. concur.
[1] No claim has been made that the trial court erred in classifying this testimony admissible under Evid.R. 803 (2).